UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Misty Maxwell, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> The Law Office of Jennifer McCoy, P.C., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No.: 1:20-cv-3239 |

## CLASS ACTION COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq* (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Id.

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Id.

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1030 (9th Cir. 2010).

4. Even a single violation of the FDCPA is sufficient to support liability. Taylor vs. Perrin, Landry, deLaunay, & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997).

### Jurisdiction

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

### Venue

6. Venue is proper in this Judicial District.

7. The acts and transactions alleged herein occurred in this Judicial District.

8. Plaintiff resides in this Judicial District.

9. Defendant transacts business in this Judicial District.

## Parties

10. Plaintiff, Misty Maxwell (hereinafter "Ms. Maxwell or Plaintiff"), is a natural person.

11. Plaintiff is a "consumer" as that term is defined by § 1692a.

12. Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

13. Defendant, The Law Office of Jennifer McCoy, P.C., (hereinafter referred to as "Defendant"), is a debt collection law firm operating out of 707 Main Street, #126, Nashville, TN, 37206.

14. The Defendant is a debt collection law firm but the Defendant is NOT licensed by the State of Indiana. *See Exhibit "1" attached hereto.*

15. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## Factual Allegations

17. Defendant is a debt collection law firm attempting to collect a debt from Plaintiff.

18. Plaintiff incurred a debt to that was for primarily for personal, family or household purposes as defined by §1692(a)(5), namely, a debt arising from a residential lease between Plaintiff and Metropolitan Fishers, an apartment complex.

19. Unfortunately, due to circumstances beyond her control, the debt owed by Ms. Maxwell went into default because she lost her job.

20. After the debt went into default the debt was placed or otherwise transferred to the Defendant for collection.

21. Plaintiff disputes the debt.

22. Defendant's collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

23. The Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

24. On or about June 12, 2018, Ms. Maxwell entered into a residential lease agreement with Metropolitan Fishers (hereinafter "Metropolitan"), an apartment complex located in County of Hamilton in the State of Indiana.

25. Unfortunately, due to the loss of her job, Ms. Maxwell was not able to pay her rent to Metropolitan in a timely fashion and was forced to relocate her residence.

26. On or about September 11, 2019, Ms. Maxwell vacated the apartment that she was renting from Metropolitan.

27. Upon information and belief, Metropolitan accepted Ms. Maxwell's surrender of the apartment that she had previously rented from it. Indeed, Metropolitan cleaned the apartment and, presumably, re-leased the premises to another tenant.

28. The termination of a lease occurs when the tenant surrenders the tenancy and the landlord accepts the tenant's surrender. Eppl v. DiGiacomo, 946 N.E.2d 646, 650-51 (Ind.App. 2011); *citing* Floyd v. Rolling Ridge Apts., 768 N.E.2d 951, 955 (Ind.App. 2002); Rueth v. Quinn, 659 N.E.2d 684 (Ind.App. 1996).

29. Approximately seven (7) months thereafter, Ms. Maxwell's debt to Metropolitan was transferred to Defendant.

30. On April 2, 2020, Defendant sent a dunning letter to Ms. Maxwell. *See Exhibit "2" attached hereto.*

31. Defendant's dunning states, in pertinent part:

    "As of the date of this letter, you owe $4,192.54. Because of interest, **late charges**, and other charges as permitted by law that may vary from day to day, the amount due on the day you pay may be greater." (emphasis added) *See Exhibit "2" attached hereto*.

32. However, as of April 2, 2020, no late fees can be applied to this debt. The lease was terminated seven months before the letter was sent to Ms. Maxwell. *See* Eppl, *supra*.

33. Because the lease was terminated seven (7) months prior to April 2, 2020, Metropolitan and its agents cannot apply late fees to this debt. Indeed, Metropolitan ceased applying late fees when Ms. Maxwell vacated the apartment.

34. Because the application of late fees is a legal impossibility when Defendant sent the dunning letter on April 2, 2020, Defendant's threat of late fees constitutes a false threat under the FDCPA. This false threat constitutes a violation of the FDCPA. *See* Boucher v. Finance System of Green Bay, Inc., 880 F.3d 362 (7th Cir. 2018).

35. On July 23, 2020, Defendant filed a lawsuit against Ms. Maxwell in Hamilton County Superior Court #5. *See Complaint attached hereto as Exhibit "3".*

36. The Complaint and its attachment clearly indicate that Metropolitan had ceased assessing late fees upon Ms. Maxwell vacating the apartment that she had rented from

Metropolitan. The "Final account statement – Revised" attached to the Complaint clearly indicates that late charges were assessed "at move out":

**Maxwell, Misty Marie**

**Final account statement - Revised**

| Ledger Account at move-out | |
|---|---|
| Buildings and Facilities Fee | 1.97 |
| Late Charges | 100.00 |
| Parking/Garage 1113 | 12.83 |
| Rent | 347.97 |
| Balance at move-out | 462.77 |

| Deposit Activities | |
|---|---|
| Total Deposits on hand | 0.00 |

| Additional charges/credits/payments after move-out | |
|---|---|
| Cleaning Charges - floors, bathroom & kit. sinks, mw, fridge, tubs | 50.00 |
| Damages - Carpet Replacement | 554.71 |
| Flea Treatment | 79.00 |
| Lease Termination Fee - Maxwell | 1,898.00 |
| Trash Out | 100.00 |
| Total additional charges / credits / payments | 2,681.71 |

| Final Account balance | |
|---|---|
| Balance at move-out | 462.77 |
| Total Deposits | 0.00 |
| Total additional charges / credits / payments | 2,681.71 |
| Total account balance due | 3,144.48 |

| FAS Prepared | |
|---|---|
| Date | 10/09/2019 |
| User | Owens, Bianca |

| Pay to | |
|---|---|
| Maxwell, Misty Marie | |

| Lease information - Unit 1016 | |
|---|---|
| Move-in | 06/12/2018 |
| Notice given | |
| Lease expires | 06/11/2020 |
| Move-out | 09/11/2019 |
| Move-out reason | Lost a job |

37. However, no other late fees have been applied. Certainly, no late fees after the date of the dunning letter have been applied. *See "Final account statement – Revised" attached to the Complaint which is attached hereto as Exhibit "3".*

38. Ultimately, Metropolitan was awarded a judgment against Ms. Maxwell. However, the judgment does not include late fees that were applied after Ms. Maxwell moved out of the apartment and certainly the judgment does not include any late fees after the date of the dunning letter sent by Defendant.

39. Defendant's violations are material because its threat of late charges could make an unsophisticated consumer alter his/her course of action and such a threat would make the unsophisticated consumer believe that s/he did not have the rights Congress had granted him or her under the FDCPA. Defendant's violation is a material violation of the FDCPA that could lead a consumer to alter his or her course of action as to whether to pay a debt. *See* Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012).

4

40. The Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  *See* Gammon vs. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### First Claim for Relief:
### Violation of §1692e of the FDCPA – Making a False Threat

41. The allegations of paragraphs 1 through 40 of the complaint are realleged and incorporated herewith by reference.

42. The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692e.

43. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

### CLASS ALLEGATIONS

44. Plaintiff, Misty Maxwell, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendant attempted to collect a delinquent consumer debt via the same form collection letter that Defendant sent to Plaintiff which threatened "late fees" that could not be applied to the debt.  This action seeks a finding that Defendant's form letter violated the FDCPA and asks the Court award damages as authorized by §1692k(a)(2) of the FDCPA.

45. Defendant regularly engages in debt collection, using the same form collection letter that was sent to Ms. Maxwell in its attempts to collect delinquent consumer debts from other consumers.

46. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts by sending other consumers the same form collection letter it sent to Ms. Maxwell.

47. Plaintiff's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for their fair and efficient adjudication of this controversy.

48. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

49. Plaintiff will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact

with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.

## Prayer for Relief

WHEREFORE, the Plaintiff, individually and on behalf of all others similarly situated, prays that the Court grant the following:

1. Certify this action as a class action.

2. Appoint Misty Maxwell as Class Representative of the Class and her attorneys as Class Counsel.

3. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

4. Enter judgment in favor of Plaintiff and the Class, and against Defendant.

5. Actual damages under 15 U.S.C. § 1692k(a)(1).

6. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

7. Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

8. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ John T. Steinkamp
John T. Steinkamp
John Steinkamp and Associates
Attorney for Plaintiff
5214 S. East Street, Suite D1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320
Email: john@johnsteinkampandassociates.com

/s/ Andrew Ault
Andrew Ault
Ault Law Office
Attorney for Plaintiff
5214 S. East Street, Suite D2
Indianapolis, IN 46227
Office: (317) 626-9994
Email: andrewaultlaw@gmail.com